UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DEAN PYLE                                                                                            PLAINTIFF

v.                                                            CIVIL ACTION NO. 4:12-CV-136-M

AT&T                                                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff Dean Pyle filed a *pro se* civil complaint. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

### I.

Plaintiff alleges that AT&T has engaged in price gouging since December 2011 and has engaged in false advertising three times. He states that in December 2011 he entered into a contract with AT&T to provide service for $54.95 a month but in January his bill was for over $140. He states that after spending two hours on the phone with them they agreed that he should only have been charged $54.95 and that the mistake would not happen again. However, he alleges that every month between February and June his bill was between $140 and $180. He states that he would call AT&T every month, which would result in the lowering of his bill but not as much as it should be. He also alleges that he accepted a promotional offer to bundle his internet only to be told later that bundling was not possible. He alleges that AT&T overbilled him every month between December 2011 and November 2012.

He asks for the Court to allow him to recover the "massive over-payment of bills,"

$20,000 in punitive damages, and $10,000 for "anxiety and anguish," and for the Court to not allow AT&T to commit these illegal practices anymore.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff has failed to meet his burden. He states that because AT&T is an out-of-state company that this action belongs in this Court. Plaintiff's address is in Kentucky. Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1).

Here, if the Court assumes for purposes of this Memorandum that Plaintiff's damages

each month of the twelve-month period contained in his complaint is $125.05 (*i.e.*, $180, the highest amount he alleges he was charged, less $54.95, the alleged proper charge) that amount totals $1,500.60. That amount added to Plaintiff's request for punitive damages of $20,000 and compensatory damages of $10,000 for "anxiety and anguish" totals $31,500.60. Thus, Plaintiff does not claim that the action exceeds $75,000. Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff Pyle, *pro se*
      Defendant
4414.009